Wright v. Baldwin.

————o————

F. P. WRIGHT, Appellant, *vs.* JOHN A. BALDWIN, Respondent.

1. *Principal and agent—Action by attorney against agent based on false repre ^entations—Measure of damages, etc.*——Where an agent of a bank, by means of false representations as to his authority to employ attorneys for his principal, secured professional services for the bank in sundry attachment proceedings; and on suit brought against the bank by the attorney for the value of his services, it turned out that the agent had no such authority as represented, and so the bank could not be made responsible.

*Held,* That the attorney had his action against the agent personally for the value of his services.

And that his petition would not be· held bad on demurrer for misjoinder, because it included counts for services in the different attachment suits; said suits appearing to have been brought under the same employment:

And the measure of his damages would be the reasonable value of his services as attorney, together with the actual amount of his costs incurred in the suit against the bank.

*Appeal from Benton Circuit Court.*

*F. P. Wright,* for Appellant, cited in argument, Smout vs. Ilbury, 10 M. W. 8–10; Sto. Ag., 264. Randell *et al.*, vs. Trimen 37. English Law and Equity Reports, 273.

SHERWOOD, Judge, delivered the opinion of the court.

F. P. Wright brought his suit in the Circuit Court of Benton County, against John A. Baldwin, to recover the value of legal services rendered by plaintiff as attorney, to the Mechanics Bank, under the employ of defendant, while the latter was acting as Agent of the Bank, and also to recover the costs

of a suit, which plaintiff unsuccessfully brought against said Bank for said fees, in consequence of the covin of defendants.

The petition in substance, charges that defendant was the agent of the bank, to make collections and to settle and adjust the business of its branch at Warsaw, at a stipulated compensation, and by his agreement with the bank was to employ the necessary attorneys at his own expense; that it became necessary for him in so doing to employ an attorney to institute two attachment suits in favor of the bank, against nonresident debtors of the bank; that defendant in order to induce plaintiff to institute and prosecute these suits, fraudulently and deceitfully held out to plaintiff, and induced him to believe that, as agent of the Bank, he had full authority to employ plaintiff to institute and prosecute said suits, and that the Bank would pay a reasonable compensation therefor; and fraudulently witheld from plaintiff, that he had no authority to render the Bank liable for the expenses incurred; that plaintiff was thus induced to institute and prosecute these attachment suits, which he did to the full extent of his employment, rendering services to the amount and value, etc.; that in a subsequent suit between the plaintiff and the Bank, in which the liability of the Bank for these legal services was in issue, the defendant upon oath, stated that he had no authority to render the Bank liable, and in consequence, judgment was rendered against plaintiff, and against him for costs, and that plaintiff then for the first time learned that the Bank was not liable. The petition concludes with a prayer for judgment for the above mentioned amount, and the costs adjudged against plaintiff in his suit against the Bank.

The defendant demurred to the petition on two grounds :—

First : That the petition did not state facts sufficient to constitute a cause of action.

Second : That two causes of action had been improperly joined.

The petition was adjudged insufficient, and the plaintiff refusing to amend, judgment was given on the demurrer: from which judgment the plaintiff appealed to this Court.

Does this petition state facts sufficient to constitute a cause of action. And is there a misjoinder of two causes of action? are the only questions presented by this record for consideration. In Randell vs. Trimen, 37 Eng. Law, and Eq., 275, the declaration stated that the defendant who was employed as Architect by A. and others, to superintend the building of a church, falsely and fraudulently represented and pretended, that he was authorized by A. to order, and did order stone of the plaintiffs for the building of said church, for, and on account of, and to be charged to A., and that the plaintiff relying on that representation and believing that the defendant had authority from A. to order the stone, on his account delivered the same, and the same was used in the building of a church. Whereas, in truth and in fact, the defendant was not, as he well knew, authorized so to order said stone.

It then went on to aver, that A. refusing to pay for the stone, the plaintiffs trusting in the defendant's representations sued A. for the price and failed in their action, and had to pay A's costs, and also the costs incurred by their own attorneys.

There were other counts in the declaration for goods sold and delivered, money had and received, etc., but in the first count, were embraced all the items as there enumerated, and upon that count the plaintiff had a verdict, and the court held:—

That the declaration sufficiently disclosed a cause of action; and, it appearing that the defendant had no such authority as he represented; that the plaintiffs were entitled to recover not only the value of the stone, but also the costs incurred in the former action. And the Court in delivering the opinion in that case refers to that of Smout vs. Ilbury, 10 M. & W. 1; where it is held that agents are responsible in three classes of cases:—

1. Where the agent makes a fraudulent representation of his authority with intent to deceive.

2. Where he has no authority and knows it, but nevertheless makes the contract as having such authority.

3. Where not having, in fact, authority to make this con-

tract as agent, he yet does so under the *bona fide* belief that such authority is vested in him, as in the case of an agent acting under a forged power of attorney, which he believes to be genuine and the like.

In Newton vs. Miller, *et al.*, 49 Mo., 298, where an agent brought suit against his principals and his petition set out several distinct items, and claimed judgment for each, the Court held that as the petition *"was founded on matter growing out of the same alleged agency,"* it might be treated as one count.

In the case now under discussion, although *two* suits were brought by the attorney, yet this was done under *one and the same employment*, and as a matter of course, it constituted but *one* cause of action, even when coupled with the costs which plaintiff incurred in his suit against the Bank. The basis and gist of plaintiff's action being the *loss* and *damages* which he has suffered, by means of the fraudulent representations of defendant ; and upon this ground the Court places the right of recovery in Randall, *et al.* vs. Trimen, *supra*. And the measure of plaintiff's damages will be the reasonable worth of his services as attorney, as well as the actual amount of his costs, incurred in his suit against the Bank.

The judgment is reversed and the cause remanded. The other judges concur.