JOSEPH A. DUFFY, Appellant, v. EDWARD MALLIN-
KRODT, Respondent.

**St. Louis Court of Appeals, November 14, 1899.**

**Agent:** REAL ESTATE: ACTING WITHOUT AUTHORITY: PERSONALLY LIABLE.
A son representing himself to be the agent to sell his father's real
estate, whereas in fact, he is not; and yet in such capacity accepts
from a third party a *bona fide* bid to buy the property, which he
fails to have carried out, is personally liable to such third party that
made, or procured the bid to be made, in such sum as would be a
reasonable compensation for his services in negotiating the sale.

Appeal from Circuit Court, City of St. Louis.—*Hon.*
*Pembrook R. Flitcraft,* Judge.

REVERSED.

*Henry H. Denison* for appellant.

Judgment was rendered for the defendant upon the
demurrer, and plaintiff appealed. The demurrer was gen-
eral, and no grounds for sustaining it were given by the judge
of the circuit court. The question is simply: Does the peti-
tion state a cause of action? If it does, the court below was
in error. As no reasons for sustaining the demurrer have
been given, and as the writer is wholly in the dark as to the
views held by the court below, and as it devolves upon the
defendant to sustain his demurrer, this memorandum is sub-
mitted to the court as a statement of the case, to be followed
by such argument as circumstances may require, when the
defects in the petition, real or imaginary, upon which re-

Duffy v. Mallinkrodt.

spondent relies, are pointed out by his counsel under the rules applicable to cases of this nature.

*A. C. Maroney* for respondent.

Respondent makes the point that as appellant only set out in his brief the pleadings and the action of the court thereon, that he has not complied with the statutes nor the rules of this court. R. S. 1889, sec. 2301. It nowhere appears that defendant testified that he was not the agent of his father to make the contract of hire; he testified that he was not the agent to accept that particular contract of purchase, which fact does not absolve the principal in the contract of hiring a real estate agent to sell his land and to pay for his services for liability for the services rendered, and which liability on the part of the principal can not be shifted to the shoulders of the agent, by non-acceptance of the contract of purchase by the principal, such principal being liable for the services rendered, as soon as a valid contract of purchase is procured whether same is accepted or not, or whether the contemplated sale is effected and consummated or not. Hayden v. Grillo, 35 Mo. App. 647. He who assigns errors must make that error apparent, as "that which the court did is to be taken to be right, till the contrary appears;" this is the rule, that he who wishes to reverse anything done by the court below must show it to be wrong. A motion to dismiss the appeal will therefore lie. Honeycutt v. Railroad, 40 Mo. App. 674; Schultz v. Moon, 33 Mo. App. 329; McGarry v. Railroad, 36 Mo. App. 340-345; Snyder v. Free, 102 Mo. 325.

APPELLANT'S REPLY BRIEF.

The counsel for respondent seems to have lost sight, both of the fact that the error complained of is one apparent upon the face of the record, and also of the rulings of this court and the supreme court in many cases' adjudicated. The supreme court in Childs v. Railroad, 117 Mo. 426.

BLAND, J.—The petition (omitting caption) is as follows: "Now comes the plaintiff in the above entitled cause, and by leave of the court first had and obtained, for a third amended petition states that he is now, for several years last past has been, and at the several times hereinafter mentioned was a duly licensed real estate agent in the city of St. Louis aforesaid, and actively engaged in said business under the firm name and style of J. A. Duffy & Co., and as such agent sells real estate for compensation.

"That at the time this cause of action accrued, and the services herein sued for were rendered, Emil Mallinkrodt, the father of the defendant, was the owner of the following described real estate situated in the said city of St. Louis, to wit:

"Lands in city blocks 3745 and 3746, west of Whittier street, and between Finney avenue and Page avenue, having a frontage of 335 feet 9 3-4 inches at the south side of Page avenue; 293 feet 6 inches on the north side of Cook avenue; 293 feet 6 inches on the south side of Cook avenue, and 283 feet 6 inches on the north side of Finney avenue; the total frontage being 1206 feet 3 3-4 inches.

"That some time prior to May 7, 1888, the defendant claiming and pretending, and representing himself to plaintiff to be the duly authorized agent of his father, the said Emil Mallinkrodt, in said representative capacity as the pretended agent of his father, requested and employed plaintiff to sell the said real estate, and accepted the services of the plaintiff as such real estate agent to negotiate a sale thereof, and agreed and promised to pay to the plaintiff in consideration thereof as compensation for his services such sum as his services were reasonably worth.

"That in consideration of such request and employment, and of such representations and promise and undertaking by the defendant, and relying upon the same and believing them

to be true, and believing that the said defendant was the agent of his father, Emil Mallinkrodt, the plaintiff undertook to, and did, negotiate a sale of the said real estate, and on the said seventh day of May, 1888, obtained a purchaser for the same at and for the gross sum of thirty-two thousand five hundred dollars. That the said purchaser so obtained by plaintiff was one William J. Hegel, a person who was at that time, and continued to be up to the time this cause of action accrued, financially responsible, and a resident of the city of St. Louis, and able and willing to carry out the terms of his contract of purchase.

"That the proposition for the purchase of said real estate was made by the said William J. Hegel in writing, by him signed on the seventh day of May, 1888, at the instance and procurement and solicitation of the plaintiff, and is in words and figures as follows, to wit:

" 'Office of W. J. Hegel, Contractor and Builder.

717 Olive Street (Room 9).

St. Louis, May 7, 1888.

" 'M. Mallinkrodt:

Dear Sir:—I hereby make you the following offer for your property on Page, Cook and Finney avenues, in all about 1206 feet some inches more or less: The sum of $32,500, terms to be $3,000 in cash as first payment, and balance on or before in one (1) and two (2) years after date.

(Signed.)                              W. J. Hegel.'

" 'Witness Jos. A. Duffy.'

"That said defendant afterwards, on the nineteenth day of May, 1888, claiming and pretending to be thereto authorized by his father, the said Emil Mallinkrodt, did in the name of his father, the said Emil Mallinkrodt, ratify and accept, in writing, the said proposition for the purchase of the said real estate so negotiated by the plaintiff, and did write and sign and indorse upon the said proposition for the purchase of said real estate the name of his father, the said Emil Mal-

linkrodt, and the acceptance of the same by himself; which said writing, and signing, and indorsement is in words and figures as follows, to wit:

" 'Accepted May 19, 1888,
        Emil Mallinkrodt,
            by Ed Mallinkrodt.'

"Plaintiff says that the usual and reasonable compensation to the agent or broker for his services in the negotiation of the sale of real estate in the city of St. Louis aforesaid, is a commission of two and one-half per cent, upon the purchase price thereof, and that for the negotiation of the sale of the said real estate as aforesaid, the plaintiff earned and was and is entitled to the sum of eight hundred and twelve dollars and fifty cents, the same being a commission of two and one-half per cent, on the sum of thirty-two thousand five hundred dollars, the amount for which the sale of the said real estate was so negotiated by the plaintiff, at the special instance and request of the defendant.

"Plaintiff says that the said representations of the defendant that he was the agent of his father, the said Emil Mallinkrodt, were wholly false and untrue, and that the defendant was not authorized by the said Emil Mallinkrodt to employ the plaintiff to negotiate the said sale of the said real estate, nor to ratify or accept as aforesaid the proposition so negotiated by the plaintiff at the special instance and request of the defendant.

"Plaintiff says that the said Emil Mallinkrodt refused to pay the plaintiff his commission for so negotiating the sale of said real estate as aforesaid, though demanded, and having so refused the plaintiff, on the twenty-sixth day of February, 1889, relying upon the representations of this defendant, that he was the agent of the said Emil Mallinkrodt, and believing them to be true, and believing the said Emil Mallinkrodt to be bound thereby, brought his action in this honorable court against the said Emil Mallinkrodt to recover his

said commissions.    That said action was defended by the said Emil Mallinkrodt who denied his liability.    That said cause came on for trial on the tenth day of February, 1891, in this honorable court, at the February, 1891, term thereof.    That upon the said trial the liability of the said Emil Mallinkrodt for the said services of this plaintiff was in issue, and this defendant at said trial upon his oath stated that he wrote the name of the said Emil Mallinkrodt to the said contract in accepting the same, but that he was not the agent of the said Emil Mallinkrodt and had no authority to sign the said contract in the name of Emil Mallinkrodt, or to bind the said Emil Mallinkrodt.

"Plaintiff stated that by reason of the defendant having so testified that he acted without the authority of the said Emil Mallinkrodt, the plaintiff was compelled to take a nonsuit in said cause, and was unable to recover a judgment against the said Emil Mallinkrodt and by reason of the premises the plaintiff has lost the said sum of eight hundred and twelve dollars and fifty cents, the same being commissions so by him earned as aforesaid, and has paid, laid out and expended in and about the bringing of the said action against the said Emil Mallinkrodt a large sum of money, to wit, the sum of one hundred and twenty-five dollars; and also became and was liable for and bound to pay, and has paid, the cost of the said action, amounting to the sum of fifty-nine dollars and twenty-five cents.

"Plaintiff says that afterwards and before the commencement of this action, to wit, on the twenty-sixth day of February, 1889, the plaintiff demanded of the defendant payment of said sum of eight hundred  and twelve dollars and fifty cents, which the defendant refused and still refuses to pay, and plaintiff says that each and every one of the said several sums of money is still due and unpaid.

"Plaintiff says that he has been damaged by the action of the defendant as aforesaid, in the said several sums of

eight hundred and twelve dollars and fifty cents, and one hundred and twenty-five dollars, and fifty-nine dollars and twenty-five cents, and that by reason of the premises an action has accrued to plaintiff to recover of the defendant the said several sums, amounting in the aggregate to the sum of nine hundred and ninety-six dollars and seventy-five cents.

"Wherefore plaintiff prays judgment against the defendant for the several sums, amounting to the sum of nine hundred and ninety-six dollars and seventy-five cents, with interest on the sum of eight hundred and twelve dollars and fifty cents since the twenty-sixth of February, 1889, and for his costs."

Defendant interposed a general demurrer, which was sustained and judgment entered thereon for defendant. Plaintiff appealed.

Stripped of statements of plaintiff's evidence and of useless verbiage, the petition states substantially, that plaintiff is a real estate agent; that Emil Mallinkrodt was the owner of certain real estate (described); that defendant falsely represented himself to plaintiff to be the agent of the owner, with the authority to negotiate a sale of said real estate, and as such agent employed plaintiff to find a purchaser for the same, agreeing to pay a reasonable compensation should plaintiff find a purchaser; that plaintiff did find a purchaser at a price and on terms, which defendant, as agent of the owner, ratified, but which the owner refused to approve or ratify; that believing defendant was authorized to negotiate for the sale of the lands, plaintiff sued the owner for his compensation; that on the trial defendant, under oath, denied his agency, and that plaintiff lost his suit and was compelled to pay costs.

Where an agent makes a contract exceeding his authority; or, which is the same thing, assumes to act as the agent of another without authority and makes a contract, he is personally bound.   Wright v. Baldwin, 51 Mo. 267; Lingen-

felder v. Leschen, 134 Mo. loc. cit. 63; Furniture and Carpet Company v. Crawford, 127 Mo. 356; Gestrung v. Fisher, 46 Mo. App. 603. The defendant under the statement of facts set forth in the petition is clearly liable to plaintiff for reasonable compensation for negotiating the sale and for the costs plaintiff was put to in the unavailing suit against Emil Mallinkrodt. Wright v. Baldwin, *supra.*

Judgment reversed and cause remanded. All concur.