P. A. GRISWOLD, Commissioner, v. MAX HAAS, Appellant.

In Banc, March 15, 1919.

1. **SALES: Disclosed Agent: Misrepresentation of Authority: Action for Damages.** If one represents himself to be the agent of a disclosed principal and attempts to contract in the name of such principal without authority or in excess of authority, he becomes liable to the vendor, not on the contract, unless it contains apt words to bind him, but for breach of the express or implied covenant of authority, or, in a proper case, in an action of fraud and deceit. [Distinguishing Myers Tailoring Co. v. Keeley, 58 Mo. App. 1. c. 495, where the agent contracted in his own name.]

2. ———: ———: ———: **Measure of Recovery.** In an action against an agent on a breach of an implied or express covenant that he in bidding for bonds sold at public sale was the agent of a disclosed principal, the measure of recovery is the damage suffered by the breach of the warranty of authority. And there must be some showing of that damage; if the vendor retains the bonds, it is not sufficient to show that the agent's bid was so much and that

a part of it had been paid. The suit is not one on the contract of sale; it is one for damages for a breach of warranty of authority to buy, and the amount of recovery is the damage to the vendor flowing from that breach.

3. ———: ———: Ratification: Admission. One may ratify the act of another who undertook, without property authority, to act as his agent and purchase bonds for him at public auction, and such ratification is retroactive. But the trial court is not compelled to find, from the inconsistent testimony of the disclosed principal who repudiated the agency, that there was such ratification.

4. ———: ———: Pleading. In an action for damages for a breach of a warranty of agency, the statement or petition should negative defendant's agency.

Appeal from St. Louis City Circuit Court—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*Henry H. Furth* for appellant.

(1)    The appellate court will review the facts for the purpose of determining whether or not there is any substantial evidence to support the finding. Ettlinger v. Kahn, 134 Mo. 497; James v. Hicks, 76 Mo. App. 108; Ray County Savings Bank v. Hutton, 224 Mo. 72; Orchard v. Smith, 193 S. W. 574. A finding of facts is conclusive only when supported by substantial evidence. Vincent v. Means, 207 Mo. 709; Barker v. Scudder, 56 Mo. 72; Freeman v. Moffitt, 119 Mo. 294. (2) The finding of fact that after the sale McLain did not approve the purchase of the bonds by appellant as his agent is without any foundation in the evidence. The uncontradicted testimony shows that McLain expressly ratified the purchase almost immediately after it was made. This is tantamount to express prior authorization and relates back to the sale itself. Flesh v. Lindsay, 115 Mo. 1; Turner v. Chillicothe & Des Moines R. R. Co., 57 Mo. 501; First National Bank v. Gray, 63 Mo. 33; Ruggles v. Washington Co., 3 Mo. 496; Ferris v. Shaw, 72 Mo. 446; Hackett v. Van Frank, 105 Mo. App. 384; Smith v.

Jefferson Bank, 120 Mo. App. 527, 550; Lingenfelder v. Leschen, 134 Mo. 55. (3) The finding of the court that McLain, after the sale, did not recognize and approve the purchase of the bonds made by appellant as his agent, and the judgment rendered thereon, are not only without any substantial evidence to support them, but are directly against all of the evidence. Lingenfelder v. Leschen, 134 Mo. 55; Sheffield v. Ladue, 16 Minn. 388; 31 Cyc. 1550, 1551. (4) The finding of damages in the amount of the unpaid balance of the bid is without any foundation whatsoever in the evidence. Under the evidence in the record appellant could not in any event recover more than nominal damages. The measure of damages is the loss, if any, which has accrued to the third party as the natural and probable consequence of the want of authority in the supposed agent. As appellant has not parted with his bonds, he suffered no loss unless the bonds are worth less than the price bid for them. No proof has been offered that they are worth any less; therefore no damages have been established. LeRoy v. Jacobsky, 136 N. C. 443; Baltzen v. Nicolay, 53 N. Y. 469; 31 Cyc. 1551; Groeltz v. Armstrong, 125 Iowa, 39; White v. Madison, 25 How. Pr. 481; Simons v. Patchett, 7 Ell. & Black, 568; Hall v. Crandall, 29 Cal. 567, 89 Am. Dec. 64; Woodes v. Dennett, 9 N. H. 55; Wright v. Baldwin, 51 Mo. 269; Williams v. DeSoto Oil Co., 213 Fed. 194; Skaaraas v. Finnegan, 31 Minn. 48; Knoch v. Haizleip, 163 Cal. 146. The rule that the contract price is the measure of damages obtains only in suits by a seller against a buyer for refusal of the buyer to accept the goods. Black River Lumber Co. v. Warner, 93 Mo. 374; Crown Vinegar & Spice Co. v. Wehrs, 59 Mo. App. 493; Reinhard on Agency, sec. 307, p. 306; Story on Agency (9 Ed.), sec. 264a, p. 314. In this case there was no sale of the bonds, if the plaintiff's theory of the case is correct. His suit is predicated on a loss alleged to have been sustained by reason of the failure of the sale. If he proved that appellant was not

the agent of McLain, then there was no sale of the bonds; therefore the contract price cannot be the measure of the damages. Hall v. Crandall, 29 Cal. 567.

*John B. Denvir, Jr.* and *P. A. Griswold* for respondent.

(1) Where one without authority assumes to act as the agent of another and makes a contract, he becomes personally liable. Smout v. Ilbery, 10 Meeson & Welsby's Rep. 1; Randell v. Trimen, 37 Eng. Law & Equity, 275; Wright v. Baldwin, 51 Mo. 269; Duffy v. Mallinkrodt, 81 Mo. App. 449; Griswold v. Haas, 191 Mo. App. 97. (2) The cases cited by Judge ALLEN in his dissenting opinion go no further than to hold that one who assumes to contract for another without authority will be liable for the damages caused by his false representations. Byars v. Doores, 20 Mo. 284; Wright v. Baldwin, 51 Mo. 272; Hotel Co. v. Furniture Co., 73 Mo. App. 135.

BLAIR, P. J.—This cause was appealed to the St. Louis Court of Appeals. The judgment was affirmed. Judge ALLEN *dissented* and certified the cause here because he thought the decision in conflict with certain decisions of this court and the Kansas City Court of Appeals.

In 1907, respondent was, by the Circuit Court of the City of St. Louis, appointed commissioner to make a sale of certain bonds involved in litigation pending in that court. He duly offered the bonds for sale, and, appellant making the highest bid, they were knocked down to him at a price of $276, fifteen dollars of which was paid at the time. When respondent asked him who was the purchaser, appellant stated that he bought them for George F. McLain. Respondent, as commissioner, reported to the court the sale of the bonds to McLain, and that sale was duly approved. Later, respondent tendered the bonds to McLain and demanded the balance of the sale price, $261. McLain refused to accept the

bonds or pay the balance. This was reported to the circuit court, and respondent ordered to bring suit. Respondent had the bonds in his possession. He sued appellant Haas on the contract of sale. The case reached the Court of Appeals. [Griswold v. Haas, 145 Mo. App. 578.] The statement averred a sale to Haas, and the suit was one to recover the purchase price. The court held there was "a fatal departure from the allegations of the petition." It·held that respondent Griswold's testimony in that case disclosed "a sale to McLain, a report to the court of the fact of a sale to McLain, and an approval and confirmation by the court of a sale to McLain." The court said Haas had not, in that case, been "sued as agent, nor for deceit in pretending to be an agent, when in fact he was principal." The court held, citing authorites, that the suit was one for goods sold and delivered, and that Haas could not be held in such an action; that "where one acts professedly for another, but without authority, he renders himself individually liable;" that the remedy is "for deceit, or in assumpsit upon the express or implied warranty of authority. If he knowingly and falsely represents that he had authority to act, the former remedy is the appropriate one. If he makes the representation in good faith, then the latter remedy should be pursued." The court thereupon reversed the judgment outright.

Subsequently, respondent brought this suit. The petition or statement sets forth the proceedings authorizing the sale of the bonds and the time and terms of sale, and proceeds:

"Plaintiff further states that the defendant herein being the highest and best bidder for said bonds, the same were struck off and sold to him for the sum of $276, and defendant then and there paid to plaintiff the sum of $15 required on account of the purchase price of said bonds.

"That upon plaintiff inquiring who the purchaser was the defendant stated that one G. F. McLain was.

"That thereafter, to-wit, on the first day of July, 1907, said sale of said bonds made on the 21st day of February, 1907, was approved by said circuit court.

"That thereafter, to-wit, on or about the 3rd day of July, 1907, plaintiff made a tender of said bonds to said G. F. McLain and demanded of him the sum of $261, the balance of the purchase price of said bonds.

"That said G. F. McLain denied that defendant was his agent or authorized to use his name or represent him in the purchase of said bonds, and refused to receive said bonds, or to pay the balance of the purchase price thereof and has ever since refused to do so.

"That plaintiff is now and has ever been ready to deliver said bonds upon the payment of the purchase price.

"That by reason of the premises plaintiff has been damaged in the sum of $261, together with interest thereon from the 1st day of July, 1907.

"That on or before, to-wit, the 14th day of January, 1908, the circuit court in said Division No. 5 ordered plaintiff herein to institute legal proceedings to recover the balance of the purchase price of said bonds.

"Therefore, plaintiff prays judgment against defendant in the sum of $261 and interest from July 1st, 1907, and for costs."

The trial court, on defendant's request, made the following finding of facts. It found facts showing respondent's authority to sell the bonds, the fact of sale, and that:

"At said sale defendant was the highest and best bidder and thereupon said bonds were struck off to him for the price of $276, and at said time defendant paid to plaintiff the sum of $15 on account of said purchase; that on inquiry concerning the name of the purchaser defendant stated the purchaser was George F. McLain, and that subsequently the sale was duly approved by Division No. 5 of this court.

"That after said plaintiff made a tender of said bonds to said McLain and demanded of him the balance

of the purchase price, namely, $261, and that said Mc-Lain repudiated the agency of defendant.

"The court further finds that defendant was not authorized to purchase said bonds for said McLain, and therefore was not the agent of said McLain in said purchase; and that after said sale said McLain did not recognize and approve defendant's purchase of said bonds as his agent.

"The court further finds that there is due on account of said purchase by defendant the sum of $276, less $15, the amount paid at the time."

The last sentence was subsequently modified as hereinafter pointed out.

The court rendered judgment against appellant for $261. An appeal took the case to the Court or Appeals. The majority opinion holds that the measure of damages was the difference between the amount bid and the sum paid; that the value of the bonds was immaterial; and that the judgement was for the right party and should be affirmed

It is to be kept in mind that respondent now has the bonds and, also, a judgment exactly equivalent to the unpaid portion of the bid made at the sale.

I. On the first appeal in the first suit (Griswold v. Haas, 145 Mo. App. 1. c. 585) it was held that "the proper action in a case of this kind where one falsely represents himself as agent, is not on the contract itself, but against the agent for damages."

The general rule, subject to exceptions not here involved, which is supported by reason and the weight of authority, is that if one represents himself as the agent of a disclosed principal and attempts to contract in the name of such principal without authority or in excess of his authority, he becomes liable to the  third party. Not on the contract, unless it contains apt words to bind him, but for breach of the express or implied convenant of authority or, in a proper case, in an action of fraud and deceit. The

False Agency.

decisions in this State are in accord with this rule. [Wright v. Baldwin, 51 Mo. 269; Lingenfelder v. Leschen, 134 Mo. l. c. 63; Hotel Co. v. Furniture Co., 73 Mo. App. l. c. 139.] In Myers Tailoring Co. v. Keeley, 58 Mo. App. l. c. 495, appears an expression which might seem contrary to this rule. The appearance of conflict disappears when it is noted that the agent in that case contracted in his own name. It, therefore, results that the applicable rule of law and a previous adjudication between these parties precludes a recovery by respondent against appellant on the contract.

II. In a case like this the measure of recovery is the damage suffered by breach of the warranty of authority. [Wright v. Baldwin, 51 Mo. l. c. 272; **Measure of Damages.** Gestring v. Fisher, 46 Mo. App. l. c. 612, 613; Lingenfelder v. Leschen, 134 Mo. l. c. 64.]

Let it be assumed the statement states a cause of action under the rules just referred to. The trial court first found that ''there is now due on account of said *purchase by defendant* the sum of $276, less $15, the amount paid at the time.'' Subsequently, it changed this finding to read: ''The court further finds that plaintiff has been damaged in the sum of $261.''

This finding is attacked. Respondent does not contend the rules stated above are inapplicable, but concedes, in his argument, their applicability. His position is that the finding and judgment are right under these principles. There was no evidence offered tending to show the actual value of the bonds. There was no showing that the bonds are worth less than the amount bid for them. No evidence of the costs and expenses of the sale was tendered. In fact, no evidence of loss or damage was adduced. Respondent has the bonds and he has the $15 paid him by appellant. The recovery was permitted solely upon the showing that the bid was $276 and only $15 had been paid. In other words, recovery was allowed in an action for damages without any evidence that damage had been suffered.

If there was a valid contract of sale, this action for damages cannot be sustained at all. It there was no such contract, then respondent did not lose title to the bonds. There was no showing the bonds were worth less than the bid. If the bonds are worth anything, a recovery, under the statement, of the full difference between the bid and the amount paid is wrong. There was no evidence of damage, and, consequently, no evidence to support any judgment against appellant.

III. Appellant urges that the evidence establishes as a matter of law that McLain ratified the contract. One may ratify the act of another who undertook, without proper authority, to act as his agent, and such ratifi- **Ratification.** cation is retroactive. [Lingenfelder v. Leschen, 134 Mo. l. c. 64, 65.] The contention of appellant is that an express ratification was conclusively shown. This contention is founded upon the testimony of McLain who was offered as a witness by respondent. His testimony is not entirely consistent with itself. The trier of the fact was not bound to find all that he said was true. The fact that respondent offered him did not necessarily require the court to believe him. He was not a party to the suit. Apparently the court did not believe part of his testimony.

IV. The suit was begun before a justice of the peace. The sufficiency of the statement is challenged. It is open to some objection. We think it amendable. **Pleading.** One particular in which it fails is that it does not negative appellant's agency. It states merely that McLain denied such an agency. It can be reframed so as to meet the objection made in case there is another trial. The judgment is reversed and the cause remanded.

*Faris, Woodson* and *Williams, JJ.*, concur; *Walker, J.*, concurs except in paragraph 4; *Graves, J.*, dissents.