WILLIAM M. ROBINSON, Respondent, v. EULA D. PATTEE, and EULA
D. PATTEE as Co-executrix, and WALTER J. PATTEE, JR., as Co-
executor of the Estate of WALTER J. PATTEE, Deceased, Appel-
lants, No. 41310—222 S. W. (2d) 786.

Division One, July 11, 1949.

Rehearing Denied, September 12, 1949.

*Joseph T. Davis* for appellants.

*Jackson F. Adams* for respondent.

VAN OSDOL, C.—Action for $9000 damages for breach of contract for the sale of land. The jury returned a verdict for defendants, Walter J. Pattee and Eula D. Pattee; but the trial court granted a new trial on the specific grounds Instructions Nos. 3 and 4 were erroneous. Defendant Walter J. Pattee was adjudicated of unsound mind October 22, 1947, and Walter J. Pattee, Jr., guardian, appeared and answered in behalf of defendant Walter J. Pattee. Walter J. Pattee (Senior) died subsequently to the trial; and Eula D. Pattee as executrix and Walter J. Pattee, Jr., as executor of the will of Walter J. Pattee, deceased, were substituted as parties defendant. Defendants Eula D. Pattee, personally and as executrix, and Walter J. Pattee, Jr., as executor, have perfected this appeal.

Since 1930 Walter J. Pattee (Senior) and wife, defendant-appellant Eula D. Pattee, were the owners by the entirety of a residence property, in which they resided, in the City of Ladue, St. Louis County. June 11, 1945, defendant Eula D. Pattee signed for herself and for her husband, as his attorney in fact, an "earnest money" contract to sell the property to plaintiff. Defendant wife told plaintiff her husband "was a sick man and, therefore, she handled all his business affairs for him." She told plaintiff she had her husband's power of attorney. The power of attorney to defendant wife theretofore executed in 1944 by the husband was insufficient in that it did not authorize the defendant wife to enter into a contract for the sale of land. There was evidence tending to show that plaintiff paid the earnest money to an agent agreeable to the wife; and

that plaintiff was ready, able and willing to perform and tendered performance of his obligation on the closing date of the contract of sale, August 15, 1945; but defendant wife, having learned the power of attorney was insufficient, announced she was ''not going through with the deal.'' There was evidence tending to show the husband had been physically and mentally ill. As stated, he was subsequently, in 1947, adjudicated as of unsound mind.

The defendants, husband and wife, filed separate answers alleging that the property was owned by them by the entirety and was occupied by them as their home; that, although the defendant wife had personally signed the contract for herself, and signed the name of her husband, Walter J. Pattee, by herself as attorney for him, she was not authorized or empowered by her husband to contract in his behalf for the sale of the property; and that, at the time, the husband was of unsound mind and wholly incompetent to enter into a contract to sell land.

Defendants-appellants contend the trial court erred in sustaining plaintiff's motion for a new trial. They assert the errors in Instructions Nos. 3 and 4 were not of such prejudicial character as to justify granting a new trial; and defendants-appellants further say the trial court should have directed a verdict for defendants. If, under the law and the evidence, the plaintiff. did not make out a case for the jury the giving of erroneous instructions could not have been prejudicial to plaintiff. Hendricks v. Weaver, Mo. Sup., 183 S. W. 2d 74.

In support of their contention that plaintiff's case should not have been submitted to the jury, defendants-appellants say that, inasmuch as the property was held by the entirety and Eula D. Pattee, the wife, one of the tenants by the entirety, had no legal and written authority of the husband, Walter J. Pattee, to contract in his behalf for the sale of the property, the contract was unenforceable and void.

It is true, as defendants-appellants urge, neither the husband nor the wife can convey any real property or affect any interest of the other in the property held by them by the entirety without the assent of the other, and, absent such assent, the whole must remain to the survivor. Samuel v. Frederick, Mo. Sup., 262 S. W. 713; Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S. W. 67. Plaintiff was not in a position to invoke the powers of a court of equity to enforce the remedy of specific performance of the contract if the husband, Walter J. Pattee, was wholly incompetent, or did not assent to or authorize the contract for the sale of the property.

A vendor who alone has contracted to sell land and who is unable to convey a good title because of the refusal of a spouse to join in a conveyance has been held liable in damages for breach of contract. See Way v. Root, 174 Mich. 418, 140 N. W. 577; Key v.

Alexander, 91 Fla. 975, 108 So. 883; Greenberg v. Ray, 214 Ala. 481, 108 So. 385; 66 C. J., Vendor and Purchaser, § 1645, pp. 1544-1546; and Wainscott v. Haley, 185 Mo. App. 45, 171 S. W. 983, cited by plaintiff-respondent. It is not unlawful for a person to contract to sell and convey something he does not own but expects to acquire, and, if he unqualifiedly undertakes to do that which later he finds he cannot perform, he should suffer the liability the law imposes upon the contract breaker. Wainscott v. Haley, supra.

In the instant case defendant Eula D. Pattee signed the contract in her own behalf, but she signed with her husband by her as his purported attorney in fact. It was apparently contemplated by the parties that the wife and the husband, both of the tenants by the entirety, were to be bound by the contract. The contemplated contract was tripartite. It seems defendant wife believed she had been given the authority by the power of attorney to bind her husband. Since the husband did not authorize or assent to the contract, the contract was never valid as a completed contract because of the want of the assent of the parties. 12 Am. Jur., Contracts, § 23, pp. 519-521; Obermark v. Clark, 216 Ala. 564, 114 So. 135. But, although the husband had not assented to or authorized the wife to enter into the contract in his behalf, yet the wife may have subjected herself to liability. She did undertake to bind her husband as his attorney in fact.

It is a well-established principle of law that, where one undertakes to bind a principal without being authorized or empowered so to do, he thereby renders himself personally responsible, even though he, in so undertaking, acted in the utmost good faith and honestly believed he was authorized. Lingenfelder v. Leschen, 134 Mo. 55, 34 S. W. 1089; Wright v. Baldwin, 51 Mo. 269; Gestring v. Fisher, 46 Mo. App. 603; Duffy v. Mallinkrodt, 81 Mo. App. 449; 3 C. J. S., Agency, § 210, p. 117; Vol. II, Restatement of the Law of Agency, § 329, pp. 725-727.

It is argued by defendants-appellants that plaintiff, knowing that defendant Eula D. Pattee was purportedly "operating under a power of attorney," was charged with the knowledge of the extent of the authority as stated in the writing. However true this might be as between plaintiff and defendant husband, it has been said, "it is ordinarily more consistent with legal principles to hold as between the agent and the other party (plaintiff), that, where the agent has induced action, in reliance upon express or implied representations of authority, the agent and not the other party should assume the risk. Of these two, the agent is the one who takes the initiative; he is usually in the better situation to know of the existence of the authority, and where he undertakes, either expressly or by implication, to induce action, in reliance upon its existence, he would

seem to be the party upon whom the risk of its non-existence should fall." Vol. 1, Mechem on Agency, 2d Ed., § 1362, pp. 1001-1002.

The basis of the purported agent's liability is not the contract but an express or implied covenant of authority. Griswold v. Haas, 277 Mo. 255, 210 S. W. 356; 3 C. J. S., Agency, § 208, pp. 114-116; Vol. 1, Mechem on Agency, 2d Ed., § 1363, p. 1002. Likewise the. purported agent may impliedly represent or warrant his purported principal is not completely incompetent. 3 C. J. S., Agency, § 213, pp. 118-119; Vol. 1, Mechem on Agency, 2d Ed., § 1380, pp. 1013-1014; Vol. II, Restatement of the Law of Agency, § 329, supra, § 332, pp. 735-737.

██ The personal responsibility does not obtain if the absence of authority or the incompetency of the principal is known to a plaintiff. Vol. 1, Mechem on Agency, ██ § 1369, p. 1007; 3 C. J. S. Agency, § 213, supra. In the instant action, the wife's belief of her authority should not constitute a defense in view of an express or implied warranty of her authority and of the competency of her principal, save and except the plaintiff knew of her want of authority, or of her husband's mental incompetency, if so. See authorities cited supra in the preceding paragraph.

Instruction No. 3 is, in substance, as follows,

The court instructs the jury that before there can be a contract the minds of the contracting parties must meet.

The court instructs the jury that if you find defendant Eula D. Pattee believed she had authority from Walter J. Pattee to sell the described realty to plaintiff, and that subsequently to the signing of the contract Eula D. Pattee discovered she had no legal right to convey the property or to enter into the contract, and that the plaintiff had knowledge of these facts or by the exercise of care should have had knowledge of these facts, you will find there was no meeting of minds and therefore no contract, and your verdict shall then be for defendants.

And Instruction No. 4 is, in substance, as follows,

The court instructs the jury that if you find in favor of defendant Walter but find that, under the circumstances and at the times mentioned, Eula executed the contract and plaintiff paid earnest money, and find that plaintiff was ready, able and willing to perform his obligations under the contract and tendered timely performance, "and if you further find and believe from the evidence that Walter J. Pattee, Sr., was (*not*) of sufficient mental capacity to understand the nature of said transaction" and that defendant Eula breached said contract and failed to perform her obligations and plaintiff was damaged thereby, then your verdict will be for plaintiff and against defendant Eula. (The trial court inadvertently omitted the word "not" from the instruction as given.)

590

From an examination of the above instructions it is quite apparent the trial court was right in sustaining the motion for a new trial because of errors in such instructions. The instructions confuse the theories of recovery upon a valid completed contract and of recovery upon an express or implied covenant of authority, and hypothesize issues false to either theory.

The order granting the new trial should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.