### In the ESTATE OF Paul L. SOMMERER.

### No. WD 66460.

Missouri Court of Appeals, Western District.

Jan. 2, 2007.

Pamela Henrickson, Jefferson City, for Appellant.

Kari Schulte and James W. Gallagher III, Jefferson City, for Respondents.

Before RONALD R. HOLLIGER, Presiding Judge, PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge.

PAUL M. SPINDEN, Judge.

The issue in this case is the enforceability of an agreement to sell land in which

only one of the owners, holding it as a tenant by the entirety, agreed to sell the land but title did not pass while either of the owners was alive. In enforcing the agreement, the circuit court ordered specific performance. We affirm the circuit court's judgment.

Paul L. Sommerer owned the land jointly with his wife, Frances. During April 2000, he agreed in writing[1] to sell the land to his son, LeRoy, who had been renting it. Frances Sommerer did not agree to the sale and did not sign the agreement. She died three months later during July 2000. Although LeRoy Sommerer had paid the agreed upon price, his father had not transferred title to him when he died during January 2005.

LeRoy Sommerer sought specific performance of the sale. His brother, Paul O. Sommerer, objected on the ground that the sale agreement was void *ab initio* because only Paul L. Sommerer had signed the agreement.

Although the record is not entirely clear on the issue, the agreement between Paul L. Sommerer and his son appears to have been a contract for deed. The agreement has all of the markings of a contract for deed as described by this court:

> Although a contract for deed and a mortgage serve similar economic functions, (i.e., the financing by the seller of real estate of an unpaid portion of the purchase price), the purchaser under a contract for deed is not a mortgagor. A contract for deed, also referred to as an installment land sale contract, is used as a substitute or alternative to a mortgage or deed of trust. Under a contract for deed, the buyer of real estate makes a down payment and agrees to make re-

maining payments at a specified rate of interest in installments to the seller. The buyer normally takes possession of the property at the time the contract for deed is made. The seller agrees to convey the property to the buyer by delivering a warranty deed upon completion of the installment payments. ... Unlike a mortgagor who holds legal title to the mortgaged property, the buyer under a contract for deed does not receive legal title to the property until the contract price is paid and a warranty deed delivered by the seller. Prior to this event, the buyer has only an equitable interest in the property.

*Long v. Smith,* 776 S.W.2d 409, 413 (Mo. App.1989). The Supreme Court quoted the significant portions of this explanation with approval in *Ryan v. Spiegelhalter,* 64 S.W.3d 302, 307 (Mo. banc 2002).

LeRoy Sommerer began renting the land during 1976, and he possessed it when he agreed to buy it. In its findings of fact, the circuit court found that LeRoy Sommerer expected to receive a deed after he had paid the agreed upon price. This arrangement matches the pattern of a contract for deed.

██ A seller can lawfully agree to sell something that he does not own but expects to acquire. *Robinson v. Pattee,* 359 Mo. 584, 222 S.W.2d 786, 788 (1949). Although Paul Sommerer could not have passed title to the land to his son without Frances Sommerer's consent, he gained the power to do so after her death. LeRoy performed his contractual duties by paying the contract price in full and was entitled to specific performance under Section 473.303.1, RSMo 2000.

---

[1]. Although several writings were involved in the present dispute, the circuit court found that, together, the writings satisfied the statute of frauds. Paul Sommerer does not dispute this conclusion.

Paul O. Sommerer's reliance on *Robinson* to argue that the sale agreement was void because Frances Sommerer was not a party to it is misplaced. In *Robinson,* a wife and husband owned land in tenancy by the entirety. The wife signed for herself and her husband, as his attorney in fact, a contract to sell their home. The husband suffered poor physical and mental health and was later adjudicated not to have a sound mind. When the wife learned the power of attorney did not authorize her to enter into a contract for the sale of land, she attempted to back out of the sale, and the plaintiff sued for breach of contract. The husband died after trial. The *Robinson* court declared that, because "the husband did not authorize or assent to the contract, the contract was never valid as a completed contract because of the want of the assent of the parties." 222 S.W.2d at 788. *Robinson* did not involve a contract for deed, and, unlike the situation in *Robinson,* Paul Sommerer did have the power to convey title to his son after Frances Sommerer died.

Paul O. Sommerer's reliance on *Austin and Bass Builders, Inc. v. Lewis,* 359 S.W.2d 711 (Mo. banc 1962), is also misplaced. In that case, a husband and wife owned land in tenancy by the entirety. The husband attempted to convey title although his wife did not sign the sales contract. The *Lewis* court reasoned:

> It is entirely clear that a deed by one of two tenants by the entirety conveys nothing. ... Indeed, it has been said that a deed by one of the tenants alone is void. ... If one tenant may not bind the other by a deed it is obvious that one may not bind the other by a sole contract, unless the contract is authorized by the other in the form required by law.

*Id.* at 714. Unlike *Lewis,* Paul Sommerer did not endeavor to convey title; he mere-ly agreed that he would do so. After his wife's death, he had title to pass.

 Paul O. Sommerer does not cite any authority, nor do we find any, to support his proposition that the contract for deed between LeRoy Sommerer and his father was void because Frances Sommerer did not consent to it. The survivor of a tenancy by the entirety succeeds to full ownership of the property upon the other tenant's death. *In the Matter of Estate of Hughes,* 735 S.W.2d 787, 791 (Mo.App. 1987). Because Paul L. Sommerer had sole ownership of the land after his wife's death, he had full authority to transfer ownership of the land to his son regardless of his wife's lack of consent.

RONALD R. HOLLIGER, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.