

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| IN RE THE ESTATE OF: VIRGIL D. WILLIAMS, WARD/PROTECTEE; JANET ROSENAUER, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | WD83520 |
| BETTY LOU WILLIAMS and KIM BAUMAN, | ) ) ) | Opinion filed: February 23, 2021 |
| Respondents. | ) ) | |

**APPEAL FROM THE CIRCUIT COURT OF ANDREW COUNTY, MISSOURI
THE HONORABLE DAVID L. BOLANDER, JUDGE**

Division Two: W. Douglas Thomson, Presiding Judge,
Lisa White Hardwick, Judge and Edward R. Ardini, Jr., Judge

The Andrew County Public Administrator, Janet Rosenauer, acting as protectee Virgil D. Williams' guardian and conservator, appeals the judgment of the Probate Division of the Circuit Court denying her request to divide an asset owned as tenants by the entireties by Virgil D. Williams and his wife, Betty L. Williams. We dismiss the appeal because it is moot.

**Factual and Procedural History**

In 2015, the Circuit Court of Andrew County declared Virgil D. Williams ("Virgil")[1] totally incapacitated and disabled as a result of Alzheimer's-related dementia, alcohol abuse, and

---

[1] Because parties share a surname, we refer to them by their first names for purposes of clarity. No familiarity or disrespect is intended.

short-term memory loss. In 2016, after multiple family members had served as Virgil's guardian and conservator for short stints, the Probate Court appointed Janet Rosenauer ("Conservator"), the Andrew County Public Administrator, as Virgil's successor guardian and conservator.[2]

In October 2017, approximately $64,000.00 was deposited into Virgil's conservatorship account resulting from a court order finding that Virgil and Betty had an agreement to divide the proceeds of the sale of certain property they owned. Conservator could use this amount for Virgil's expenses, as well as monthly Social Security benefits and two pensions received by Virgil. By late 2019, his assets had dwindled to just over $2,000.00, primarily as a result of nursing home and medication expenses, conservator fees, and conservator's legal fees.

In mid-2019, Conservator became aware of an Edward Jones investment account (the "Edward Jones Account"), owned by Virgil and Betty as tenants by the entireties. Conservator desired to divide the Edward Jones Account between Betty and Virgil, and use Virgil's portion for his present and ongoing bills.[3] Betty would not provide her consent to such a division. On August 9, 2019, Conservator filed a motion to divide the Edward Jones Account to provide Conservator sufficient funds to pay Virgil's outstanding bills. On November 21, 2019, an evidentiary hearing was held. Thereafter, the trial court denied Conservator's motion to divide assets, finding that Section 475.322[4] requires the other tenant by entirety owner's (i.e. Betty) consent to divide property held in tenancy by the entireties form. Conservator appeals.

---

[2] Since her appointment, Conservator has been the subject of at least one motion for removal of conservator filed by Betty. *In the Mater of Virgil D. Williams, Respondent v. Betty Lou Williams, Appellant*, 573 S.W.3d 106 (Mo. App. W.D. 2019).

[3] To some extent, Virgil's outstanding bills include the Conservator's accumulated attorney's fees. This is a point of contention between Betty and Conservator, so much so that in a prior appeal Betty argued the Conservator's legal fees should not be paid by Virgil's funds. *Williams,* 573 S.W.3d at 118. (Without citing any authority for the premise, Betty reasoned that because Virgil was represented at hearing by an appointed guardian ad litem/attorney (who was also awarded fees for representing Virgil's interests), Conservator need not have an attorney. This point was deemed abandoned on appeal for lack of citation to authority. *Id.*).

[4] All statutory citations are to R.S.Mo., 2018, unless otherwise indicated.

In her first point on appeal, Conservator argues that the trial court erred in its December 9, 2019, judgment in failing to divide the Edward Jones Account held as tenants by entireties property by Virgil and Betty. Similarly, in her second point, Conservator argues that the trial court erred in failing to divide assets held as tenants by the entireties because this Court previously affirmed that necessary attorneys' fees may be collected from the estate. Lastly, in her third point, Conservator contends that the trial court erred in its December 20, *2018*, order in refusing to admit, consider, or allow evidence as to Betty's expenditures from tenants by the entireties' property.

**Analysis**

Virgil died on October 12, 2020. His death was prior to argument and submission of this case. Betty filed a suggestion of death and motion to dismiss on October 14, 2020. As a result, this Court must preliminarily examine whether this appeal is now moot. "Mootness is a threshold question to appellate review because it implicates the justiciability of a controversy." *Norton v. McDonald*, 590 S.W.3d 450, 452 (Mo. App. W.D. 2020) (citing *D.C.M v. Pemiscot Co. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019)).

"Before considering the merits of this dispute, we must determine whether or not we have jurisdiction to decide the appeal." *In re J.L.R.*, 257 S.W.3d 163, 165 (Mo. App. W.D. 2008). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Norton,* 590 S.W.3d at 452. (internal quotations and citations omitted). "An appeal is moot when a decision

---

Section 475.322 states, in pertinent part: When a protectee: . . . (3) [o]wns real or personal property in . . . tenancy by the entirety . . . the conservator may, with the authorization or approval of the court, redeem such bonds, withdraw funds from such account, and sell, exchange or mortgage the protectee's estate or interest in such joint or entirety property, to the extent that funds are needed to pay expenses under section 475.125 or claims under section 475.211. With respect . . . to any property held in tenancy by the entirety, the provisions of section 442.035 shall be applicable and the conservator, with or without court approval, shall not have authority to redeem, withdraw, sell, exchange or mortgage the protectee's estate or interest in such entirety property without the approval of the other tenant by the entirety. . . .

on the merits would not have any practical effect upon any then existing controversy." *Id*. "If a case is moot, the appellate court can exercise its discretion to decide the case on the merits if one of two narrow exceptions to the mootness doctrine exist: (1) the case becomes moot after submission and argument and (2) the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review." *Id*. at 452-53; *see also State ex rel. Mo. Gas Energy v. Public Serv. Comm'n*, 224 S.W.3d 20, 25 (Mo. App. W.D. 2007).

**Points I and II**

The remedy Conservator seeks in this appeal is our mandate reversing the trial court's denial of her motion to divide an asset owned by Virgil and Betty as tenants by the entireties. However, by operation of law, Betty became the sole owner of the Edward Jones Account upon Virgil's death on October 12, 2020. *See In the Estate of Sommerer*, 211 S.W.3d 123, 125 (Mo. App W.D. 2007) ("The survivor of a tenancy by the entirety succeeds to full ownership of the property upon the other tenant's death."). Consequently, Conservator possesses no right of recovery because Virgil, by operation of law, was dispossessed of all ownership interest upon his death. Conservator cannot seek to divide assets in which her protectee no longer has an ownership interest. Because Conservator no longer has any right to any portion of the Edward Jones Account, "a decision on the merits would not have any practical effect upon any existing controversy." *Norton*, 590 S.W.3d at 452.

Moreover, Conservator's authority as guardian and conservator terminated upon Virgil's death pursuant to Section 475.083.5, which states: The authority of a guardian or conservator terminates . . . (5) [u]pon the death of the ward or protectee [but for exceptions not applicable here] . . . ." With her authority as guardian and conservator terminated, Conservator is no longer in a position to assert the powers she once held as the conservator of his estate and therefore has no

standing to seek to divide the Edward Jones account. For this reason, as well, the appeal is moot as a decision on the merits would have no practical effect on the existing controversy. *Norton*, 590 S.W.3d at 452.

Because the appeal is moot, we determine whether either exception to the mootness doctrine applies. Conservator concedes the first exception is inapplicable because Virgil's death occurred prior to submission and arguments pertaining to this case.

Conservator argues that the second exception applies because if the Court does not act, the same issues will occur in the future. Conservator contends that "spouses will recognize that they can stymie any attempts by creditors to be paid from tenants by the entireties assets so long as the spouse refuses to divide the same." Assuming that this is an issue of general interest and importance, Conservator fails to explain why this issue would necessarily evade review in a future case. The issue was only mooted here due to Virgil's death during the pendency of the appeal, a circumstance which will not necessarily recur in a future case raising the same question. Accordingly, the second exception is not applicable.

**Point III**

In Point III, Appellant contends that

[t]he trial court committed error in its December 20, 2018 order ["Order"], in refusing to admit, consider or allow evidence as to the expenditures of [Betty] from admittedly tenants by the entireties' property, because existing case law establishes that a spouse that improperly spends tenants by the entireties assets is required to reimburse the Protectee's estate in that Spouse's incessant litigation expenses were likely improperly paid from those assets.

However, the Order contains no language "refusing to admit, consider or allow evidence." Rather, the Order addresses two motions to quash a subpoena duces tecum, finding that they were

"improper and [their] issuance an abuse of process...."[5] We cannot discern how the December 20, 2018, order relates to the point without assuming the role of an advocate, which is an inappropriate role for an appellate court. *See Dep't of Soc. Servs., Family Support Div. v. Shipley*, 517 S.W.3d 37, 39 (Mo. App. W.D. 2017) (internal citation omitted). Where we cannot discern the argument being made, we must dismiss the point. *See Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 586 S.W.3d 329, 346 (Mo. App. S.D. 2019).

Further, the Order states that "evidence was taken and heard," yet we were not provided a transcript of these proceedings.[6] "An appellant is required to file a transcript and legal file so that the record contains all the evidence necessary to determine the questions presented to this court to decide." *State ex rel. Bacchus v. Armstrong*, 106 S.W.3d 605, 607 (Mo. App. W.D. 2003) (quotations and citations omitted). Without the required record, we have nothing to review and must dismiss the point. *See Krastanoff v. Williams*, 231 S.W.3d 205, 207 (Mo. App. E.D. 2007).

### Conclusion

For reasons stated herein, Respondent's motion to dismiss is granted.

W. DOUGLAS THOMSON, JUDGE

All concur.

---

[5] The trial court assessed a penalty of $500.00 against the Conservator/Public Administrator due to this abuse of process. Conservator argues extensively in Point III of her brief that the court has no power to assess a penalty against a public official who is engaging in the discretionary acts of the office she/he holds. However, she has not made this argument a part of any point relied on. *See* Rule 84.04(d). "An argument that is not included within the points relied on is not preserved for appeal." *Dept. of Soc. Servs. v. Peace of Mind Adult Day Care Ctr.*, 377 S.W.3d 631, 642 n.14 (Mo. App. W.D. 2012) (internal citation omitted).

[6] The hearing from which the Order derived occurred on December 17, 2018. Though we have been provided numerous transcripts, one was not provided for a hearing on that date.