Roscoe L. Chamberlain, Doing Business as The United Farm Agency, Appellant, v. Ida Spalding and J. H. Spalding, Respondents.—170 S. W. (2d) 454.

Kansas City Court of Appeals.   April 5, 1943.

*W. P. Elmer* and *W. D. Jones* for appellant.

*Breuer & Northern* and *John P. Peters* for respondents.

1042

SHAIN, P. J.—The plaintiff herein brought this action against the defendants, alleging as due plaintiff from defendants the sum of $650 as commission for sale of farm alleged as belonging to defendants.

Suit was brought in Maries County, Missouri, on October 10, 1941, was taken by change of venue to Osage County, Missouri, and trial to jury in Osage County, Missouri, was on June 11, 1942. The jury verdict was in favor of defendants. Judgment was in accordance with the verdict and plaintiff duly appealed.

We will continue to refer to the parties as plaintiff and defendants, to conform to the situation in the trial court.

The plaintiff's petition, after statement of formal matters, makes allegation as follows:

"Plaintiff further states that the defendants were the owners of a certain farm in Johnson Township, Maries County, Missouri, and located near the town of Vichy and containing about 313 acres, and the defendants requested the plaintiff to sell said farm and agreed to pay the plaintiff a commission for services in selling the same, and that on the 2nd day of December, 1939, the plaintiff and defendants entered into a written contract whereby the defendants employed the said United Farm Agency to produce a purchaser ready, willing

and able to buy the said farm for $6500, and authorized the plaintiff to make a contract with any purchaser for the sale of said farm at such price and agreed to execute a deed thereto to said purchaser, and the defendants agree to pay the plaintiff ten per cent (10%) commission on the selling price of said farm for services in selling the same.''

The alleged contract sued upon is attached to the petition as Exhibit A.

Ida Spalding, by separate answer, admits ownership of real estate in her own behalf and follows with a general denial. This defendant, further answering, states as follows:

''Further answering defendant specifically denies that the co-defendant herein, J. H. Spalding, has any right, title, or interest in said premises as owner or otherwise; and further specifically denies that she entered into any contract or agreement with the plaintiff for the sale of said real estate, directly or indirectly, or authorized anyone else to make such contract for her, in writing or otherwise; and that if in fact any such contract or agreement was made with the plaintiff, it was without her authority, unauthorized at the time or since, and never at any time her act or by her authorization; and that she in no way or at any time received or accepted any benefit from any such contract or agreement.

''Further answering defendant says that J. H. Spalding is and was on the second day of December, 1939, and long prior thereto, her husband, and that he on said date and at no other time had any written authority to make a contract in her behalf or to act for her in the sale of said real estate, all of which was well known to the plaintiff and his agent, George H. Colvin, through whom plaintiff acted.''

Defendant J. H. Spalding, husband of Ida Spalding, filed separate answer wherein he makes general denial as to allegations of plaintiff's petition, and thereafter alleged that at the solicitation of plaintiff he had signed the alleged contract, Exhibit A, as the agent of his wife, but without her consent, and further alleges that he was not the owner of the real estate in issue. Said defendant further answered specifically as follows:

''Further answering defendant says that at all times plaintiff well knew that defendant was not the owner of said real estate as aforesaid, and well knew that the defendant did not pretend to be and was not acting in his own behalf, but as the agent of his wife and without written or other authority from her to act or sign the paper prepared by said Colvin, and that at no time did defendant pretend to act in his own behalf or as a party to the contract personally, but fully disclosed the name of his principal and was guilty of no concealment or misrepresentation.''

Plaintiff filed replies to each of the aforesaid answers, in language as follows: "Plaintiff denies each and every allegation in the answer . . . "

The purported contract filed with plaintiff's petition as Exhibit A was introduced in evidence by plaintiff and marked Exhibit 1.

Plaintiff squarely bases this action on alleged contract designated in evidence as Exhibit 1.

The instrument sued on is so pertinent to a review herein that we include the same as follows:

"Property Listing Agreement

"United Farm Agency

"Listing No. 661

"Agency at Rolla, Missouri

"313 Acres—$6500.00.

"Owner's full name—Ida Spalding

"St. James, Missouri.

"Location—Township Johnson, County Maries.

(here follows particular description of farm—not material to the issues)

"I represent that this description is correct; that I have the legal right to sell said property and that I can and will duly furnish a good and sufficient deed and abstract showing a good title to the property described herein when sold.

"I employ the United Farm Agency to procure a purchaser ready, willing and able to buy same for $6500 and authorize you (or your representatives) to make in my name a binding contract for the sale of same in accordance with the terms as herein stated and to accept and give receipt for any money or deposits received in connection with said contract of sale.

"If a purchaser is procured through you or your representatives or terms as herein stated, or at a price and upon terms acceptable to me, I will pay you forthwith as commission 10% of the selling price.

"I reserve the right to sell said property by my own efforts, or through agencies other than yours, and if so sold, no commission or other charge will be due to you, but if sold to a customer procured through or by you or your agents, at a price and on terms acceptable to me, I will pay your commission as provided above.

"I agree to pay your standard commission on the selling price of any other property (real or personal) I may sell to your customer, within one year from the completed sale of this farm.

"I agree to pay you two thirds of any amounts forfeited to me by a customer procured through you or your representatives, by reason of a failure to carry out agreements to purchase said property.

"I agree that this contract shall be terminated and become null and void only upon sixty days' notice in writing received by you at your Office; and that when so terminated, there shall be no charges

for expenses, commissions or otherwise against me. If, after such termination, I sell said property to a customer procured by you, I will pay the commission as herein provided, but until you receive such notice from me this agreement is in full force.

"I acknowledge that I have read this listing agreement and understand the contents thereof; that I have received an exact copy of the same, and that no agreement or conditions exist, other than those contained herein.

"Signature:

"IDA SPALDING

"(Record Owner)

"J. H. SPALDING

"Date December 2nd, 1939.

"Accepted:

"United Farm Agency

"By GEO. F. COLVIN

"Representative.

"Date Accepted December 2nd, 1939."

Defendant J. H. Spalding, in 1941, wrote a letter designated as "change in listing", and the same appears as plaintiff's Exhibit 2.

"Notice of Change in Listing.

"Name of Local Agent: Geo. F. Colvin

"Listing Number (see page 1) 661

"Acreage: 313 A.

"To United Farm Agency,

"428 B. M. A. Building,

"Kansas City, Missouri.

"I desire to change the agreement under which my property in Maries County, State of Mo. is listed, as follows: Price $6500. Down payment $3500. Terms can be arranged.

"It is understood that the price and down payment quoted above include your commission as stated in the listing contract. Following is a complete list of implements, livestock, crops and other personal property to be included at new price above:

"Mail this slip to above address.

"(Signed)   J. H. SPALDING,

"(Record Owner)

"Date April 9, 1941."

On July 26, 1941, plaintiff, acting through accredited representative, Geo. F. Colvin, prepared a contract of sale according to the terms expressed in Exhibits 1 and 2, *supra*, contracting sale of the real estate involved to W. R. Brown. The contract purports to be between J. H. Spalding and Ida Spalding (husband and wife) parties of the first part, and W. R. Brown, party of the second part. The signature of W. R. Brown, designated as second party, is shown as duly signed. Colvin, representative of plaintiff, testified that Brown deposited with

him $650 on said contract, and that the contract was made in triplicate and copy sent to each defendant.

A letter dated July 26, 1941, from Colvin to defendants, explaining the deal and offering to deposit all or any amount of the purchase price is escrow until all details were perfected, and expressing desire to have the deal speedily closed, was sent to defendants. No response was made to this letter.

Colvin testified that he thereafter saw Mr. Spalding in Rolla and talked to him about the contract and making the deed, and that Spalding told him he would probably let the government have the farm.

The record herein discloses that negotiation for the land in issue was being had with the U. S. Government, looking to use for an aviation field, and there are showings in the record that such fact was augmenting prices and stimulating real estate activity.

The contract, prepared by Colvin and signed by Brown, was never accepted and signed by either of the defendants herein.

The contract sued upon, Exhibit 1, *supra,* represents Ida Spalding as the record owner. The letter of J. H. Spalding of April 9, 1941, Exhibit 2, *supra,* designates J. H. Spalding as the record owner.

The evidence herein is conclusive to the effect that Ida Spalding is the record owner. The evidence is further to the effect that Ida Spalding did not sign the contract, Exhibit 1, and that plaintiff's representative, Colvin, had full knowledge, not only of the fact that Ida Spalding was the record owner, but had knowledge also that she did not sign said contract. It also appears clearly that nowhere in said contract does J. H. Spalding represent himself as the agent of Ida Spalding.

A further characteristic of said contract is that it shows upon its face as obligating but one person. The obligations in each of the paragraphs is as to one person designated as "I".

The plaintiff in motion for new trial alleges twelve grounds, and in brief filed makes ten assignments of error. However, under plaintiff's points and authorities, the showing is as follows:

"I. The Court erred in admitting any evidence as to Contract, Exhibit A, to change, vary or contradict it or its plain meaning. The answers did not deny the written contract under oath, so the execution was admitted.

"II. (A) The instructions requested by plaintiff set forth the law in relation to a broker's suit for commissions and were correct, as attested by a long line of decisions not disputed or questioned.

"(B) The fact the contractor did not own the land he contracted to sell is no defense against an agent's commission for sale of same. Hence plaintiffs' instruction 2 should have been given as requested and not modified; and Nos. 4, 5 and 6 should have been given. If J. H. Spalding had authority to sign then both were bound; if he

signed her name without authority and signed his name then he is bound personally unless the contract discloses some contrary intention.

"(C) The written contract determined the rights of the parties, and is plain, concise and unambiguous. There is nothing to show thereon J. H. Spalding signed as agent, only, of his wife. He signed her name as a party and his name also. Verbal evidence to vary same was not admissible.

"III. (D) Commission Contracts such as this are not within the Statute of Frauds requiring the agent to have a written authority to sign a contract with a broker. The evidence in relation thereto was inadmissible.

"(E) Where an agent acts for a principal without authority, he is liable personally if he had no authority.

"(F) If an agent fails to bind the principal for whom he claims to act he binds himself."

Under assignments of error, a review of the refusal of instructions 2, 4, 5 and 6, designated in point two, offered by plaintiff and refused, and instruction A, offered by defendant and given by the court, are properly before us for review.

Contract "A", as designated in point one, *supra*, is one and the same as Exhibit 1, offered in evidence.

We conclude against plaintiff on point one, *supra*, for the reason that the plaintiff sued the defendants for recovery for services, alleged as contracted for in a contract duly signed by both defendants and by an authorized representative of plaintiff, wherein performance of condition precedent is prerequisite to right of recovery. Such contracts are not required to be put in issue by verified answer. [Kelley et al. v. Thuey, 143 Mo. 422.].

The defendants herein make point on fact that Ida Spalding, owner of real estate, did not sign the contract sued upon and urge bar of recovery on grounds of Statute of Frauds. Such contention is not feasible. [Bird v. Blackwell, 135 Mo. App. 23.]

The pertinent questions presented for review herein are as to whether or not plaintiff had produced substantial evidence to sustain the cause of action stated, and if so, is or is not error committed in the giving and refusing of instructions?

It stands undisputed that defendant, Ida Spalding, is the owner of the real estate involved. The evidence is clearly to the effect that plaintiff had knowledge of the fact that Ida Spalding was the owner, and the evidence is further to the effect that Ida Spalding did not sign the contract sued upon and that plaintiff had knowledge of such fact. The plaintiff does not make allegation that defendant J. H. Spalding was the agent for the owner of the real estate in issue.

We conclude that there is shown no substantial evidence placing obligation on defendant, Ida Spalding. We, therefore, conclude no error in the court giving a directed verdict in her behalf.

As to defendant J. H. Spalding, the evidence is clear to the effect that he and Colvin, representative of plaintiff, executed and signed the contract.

The plaintiff contends that defendant J. H. Spalding is individually liable, and cites Lingenfelder v. Leschen, 34 S. W. 1089, 134 Mo. 55. In the aforesaid case the law is set forth as follows:

"There is perhaps no principle of law better established than that where an agent undertakes to bind a principal when he has no power to do so, he thereby renders himself personally responsible, and the fact that he in so doing may have acted in the utmost good faith and honesty believed that he had such power, makes no difference. [Smout v. Ilbery, 10 M. & W. 1; Wright v. Baldwin, 51 Mo. 269; Gestring v. Fisher, 46 Mo. App. 603.]"

The above is a clear and concise statement of the law as recognized by all of the courts of this State. The question, however, presents as to whether or not the said law has application to the issues presented under the pleading of plaintiff herein.

There is no cause of action stated in plaintiff's petition wherein any question of agency is presented as an issue. The plaintiff had full knowledge that Ida Spalding, owner of the real estate, did not sign the purported contract sued upon, and that J. H. Spalding did not at any place in said contract proclaim himself as agent, and that he did not sign as agent.

Plaintiff pleads a contract with defendants Ida and J. H. Spalding, alleging them as owners of the real estate. No proof is offered as to ownership by J. H. Spalding, and the evidence discloses knowledge by plaintiff that he was not the owner. Plaintiff pleads contract as entered into by and between plaintiff and defendants Ida and J. H. Spalding, but has failed to prove any contract with Ida Spalding.

The plaintiff, confronted with pleading and evidence outlined above, predicates the instructions which were refused upon the theory that plaintiff is entitled to recover under the law as set forth in Lingenfelder v. Leschen, set forth above.

The law of Missouri carefully guards the property rights of married women. A husband owning land, under general conveyance to him alone, cannot convey title in fee without his wife joining in the deed. Not so with a married woman owning real estate in her own name. A married woman can convey the fee without being joined by her husband.

The plaintiff stands in no better position under the pleadings filed herein than would be the case if the name of a total stranger were signed to the purported contract sued upon herein.

The term "agent" is used in the briefs herein somewhat indiscriminately. Such expressions as *agents without authority* appear. The plaintiff refers to J. H. Spalding as agent of Ida Spalding and seeks to recover on the theory of agency, though not plead. Con-

1050

cerning agency, it is horn-book law that when an agent discloses the name of his principal and makes no concealment or false representations and acts in good faith, he incurs no liability. [3 C. J. Secuundum, ''Agency'', par. 214; Hotel Co. v. Furniture Co., 73 Mo. App. 138; International Store Co. v. Barns, 3 S. W. (2d) 1039.]

In Hotel Company v. Furniture Company, *supra,* the rule as to remedy against one assuming to act as the agent of another, is in the nature of deceit or upon a breach of the implied warranty of his authority.

As to what would be the rights as between plaintiff and defendant J. H. Spalding in a suit brought in accordance with the above rule, we are not called upon herein to determine. We do conclude, however, that plaintiff has failed to prove cause of action stated and cannot recover under the issues made by the pleadings herein.

The principle that one cannot sue upon one cause of action and recover on another is so well established in Missouri that citations are not necessary.

Basing our conclusions upon matters presented, *supra,* we conclude no error in refusal of plaintiff's instructions 2, 4, 5 and 6.

As to instruction A, given at the request of defendant J. H. Spalding, the same is a fair declaration of law, if the plaintiff herein had brought an action against him for breach of implied warranty of his authority. As to the application to the issues in the case at bar, we make no further comment than to say, said instruction is not prejudicial to plaintiff and presents no grounds for a reversal of the judgment appealed from.

The judgment is affirmed. All concur.