Robert D. TODD and Gary E. Stopke, Respondents,

v.

ST. ANN'S SCHOOL MUSIC SERVICE, INC., a corporation, Appellant.

No. 39399.

Missouri Court of Appeals, Eastern District, Division Four.

July 17, 1979.

Thomas C. Boyle, Clayton, for appellant.

Maniscalco, Clancy, Pittman & Bagot by Cyril J. Clancy, Clayton, for respondents.

SATZ, Judge.

Defendant, St. Ann's School Music Service, Inc., appeals from separate judgments entered in favor of plaintiffs, Robert D. Todd and Gary E. Stopke, after a trial by jury. As one of its points of error, defendant argues the failure of the jury to return verdicts on defendant's separate counterclaims against plaintiff. We address only this issue and the facts relevant to it, for we find the failure of the jury to return verdicts on defendant's counterclaims renders this appeal premature, which requires dismissal of the appeal.

In two separate counts of a two-count petition, plaintiffs Todd and Stopke each allege that he was a former employee of defendant and each plaintiff claims that defendant refused to pay money due to each of them under an alleged Profit Sharing Plan. Defendant filed its answer, specifically denying each of these claims and, in addition, defendant filed a counterclaim against each plaintiff.

In its counterclaim against plaintiff Todd, defendant alleges that Todd breached his "employment duties" by failing to make and preserve the necessary records of cus-

tomer transactions, by failing to follow defendant's rules of business procedure and by exceeding the limitation of his authority in allowing merchandise to be taken from defendant's premises, all of which allegedly caused defendant damage in the amount of $6,024.00. In its counterclaim against plaintiff Stopke, defendant alleges that Stopke "over claimed" money to be paid out of earned commissions in the amount of $2,458.54, which defendant claims is due and owing.

Plaintiffs introduced evidence concerning their respective claims, and a verdict directing instruction was given on each of their claims requiring the jury to return a verdict for each plaintiff if defendant promised a profit sharing plan and defendant breached this promise.

Defendant introduced evidence concerning both counterclaims and a verdict directing instruction was given on each of these counterclaims. As to the counterclaim against Todd, the jury was required to return a verdict for the defendant on its counterclaim if it found that Todd breached his contract of employment by failing to follow the rules of defendant's business and to preserve defendant's "goods and contracts" and that defendant was damaged by this breach. As to the counterclaim against plaintiff Stopke, the jury was required to return a verdict for defendant if it found that Stopke worked for defendant on a commission basis, that he overdrew his commission and, as a result, Stopke owed defendant money. In addition, a separate damage instruction was given to the jury for each of defendant's counterclaims.

The jury returned a verdict in favor of each plaintiff on their respective claims, but the jury failed to return a verdict on either of defendant's counterclaims. At that time, neither party called this defect to the trial court's attention. However, defendant did raise this defect as an issue in its motion for a new trial.

Understandably, on the facts, plaintiffs do not contend that defendant abandoned its counterclaims. However, plaintiffs do contend defendant's counterclaims were so interrelated with plaintiffs' claims that the jury's verdicts for plaintiffs necessarily imply the jury found against defendant and, thus, the verdicts for plaintiffs, in effect, were also verdicts against defendant on its counterclaims. We do not agree.

Since the right of appeal is purely statutory; e. g., *Tucker v. Miller*, 363 Mo. 820, 253 S.W.2d 821, 823 (1953), defendant's right to maintain the present appeal depends upon that provision of § 512.020, RSMo which permits an appeal "from any final judgment in the case". Case law interpreting this provision has firmly established the principle that, in order for a judgment to be final and appealable, it must dispose of all parties and issues in the cause. *Bennett v. Wood*, 239 S.W.2d 325, 327–328 (Mo.1951); *Deeds v. Foster*, 235 S.W.2d 262, 265 (Mo.1951). Equally well established is the corollary to this principle: if a counterclaim is pleaded and submitted, a finding must be made disposing of the counterclaim, otherwise, the subsequent judgment is not final and appealable. *Jack Brandt, Ltd. v. Morris*, 400 S.W.2d 417 (Mo. 1966); *Deeds v. Foster, supra; L. & L. Leasing v. Asher*, 440 S.W.2d 181 (Mo.App. 1969).

We recognize there are exceptions to the corollary. For example, as presently argued by plaintiffs, a finding for a plaintiff which necessarily carries with it a finding against a defendant, on the defendant's counterclaim, will sustain the finality of a judgment even though no mention has been made of the counterclaim, *Commercial Nat. Bank of Kansas City, Kan. v. White*, 254 S.W.2d 605, 609 (Mo.1953); *Staples v. Dent*, 220 S.W.2d 791, 792 (Mo.App.1949);[1] and even though no specific finding is made on a counterclaim, a verdict will be considered as being responsive to all issues raised, if a

---

1. In the *White* case, a finding for plaintiff of an amount claimed to be due and owing on a note necessarily disposed of defendant's counterclaim which sought restitution of the amounts paid by defendant on the note. In the *Dent* case, each party claimed the other's negligence caused the accident in issue.

review of the whole record irresistibly compels the conclusion that the fact finder did consider and determine the issues presented by the counterclaim. *United Iron Works v. Twin City Ice & Creamery Co.*, 317 Mo. 125, 295 S.W. 109, 115–116 (1927); *North Cty. Sch. Dist. v. Fidelity & Deposit Co.*, 539 S.W.2d 469, 476–477 (Mo.App.1976).

■ The instant case does not fall within either of these two exceptions. Each of plaintiffs' claims was based on defendant's alleged breach of its Profit Sharing Plan, and each of defendant's counterclaims was based upon an alleged breach of duty apparently derived from the general employment contract between defendant and plaintiffs. Plaintiffs have not shown and the record does not indicate that the correlative rights and duties in issue under the Profit Sharing Plan were clearly and specifically connected to and interrelated with the correlative rights and duties in issue under the general employment contract. To the contrary, plaintiffs' claims and defendant's counterclaims were separate, distinct and not necessarily related causes of action. Thus, the jury's verdicts on plaintiffs' claims do not necessarily carry with them a finding against defendant on its counterclaims. Furthermore, plaintiffs do not point out and a careful review of the record does not disclose any fact or facts which compel an inference that the jury did consider and determine the issues raised by defendant's counterclaims. Thus, the defective judgment in this cause is not cured by the record.

Plaintiffs also contend that defendant waived its right to complain about the defective judgment because defendant failed to call the absence of verdicts on its counterclaims to the trial court's attention at the time the other verdicts were returned. Again, we do not agree.

■ It is the responsibility of the trial court to require the jury to return a verdict on each claim submitted, *Thorne v. Thorne*, 350 S.W.2d 754 (Mo.1961); *see Jenkins v. McShane*, 539 S.W.2d 752, 754 (Mo.App. 1976); and, although counsel's inaction may waive defects in verdicts which have minor irregularities or ambiguities, e. g., *Bunch v. Crader*, 369 S.W.2d 768, 794 (Mo.App.1963), counsel's inaction cannot create a verdict where none exists, e. g., *Thorne v. Thorne*, *supra*, at 759; *see Bunch v. Crader*, *supra*, at 774. Here, there were no verdicts on defendant's counterclaims, and the inaction of defendant's counsel could not and did not create these verdicts. Thus, defendant's inaction does not cure the defective judgment now before this Court.

Since the defects in the present judgment have not been cured, no final and appealable judgment is now before the Court. It follows that defendant's appeal is premature, and, for this reason, we dismiss this appeal.

DOWD, P. J., and CRIST, J., concur.