Daniel T. HUGHES and Lonnie Pogue,
Plaintiffs-Appellants,

v.

ST. LOUIS COUNTY, Missouri, et al.,
Defendants-Respondents.

No. 48166.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 25, 1985.

Martin, Bahn & Cervantes, St. Louis, for plaintiffs-appellants.

Robert E. Fox, Jr., Clayton, for defendants-respondents.

SIMON, Presiding Judge.

Daniel T. Hughes and Lonnie R. Pogue, appellants, appeal the denial by the Circuit Court of St. Louis County of their consolidated motions for a temporary order in replevin. The motions were based on Hughes' action for temporary restraining order, false arrest, slander, replevin and conversion, and Pogue's action for false arrest, slander, replevin and conversion against St. Louis County, respondent. Appellants' motions for temporary orders in replevin resulted from the respondent's failure to return property seized by the St. Louis County Police Department.

On appeal, appellants contend that the trial court erred in denying the order in that: (1) no special motion is required to be filed in a criminal case to obtain the return

of property seized from the movant when he prevails in a motion to suppress proceeding pursuant to § 542.296 RSMo.1978; (2) the remedy of replevin under Chapter 533 RSMo.1978 is not foreclosed by § 542.301 RSMo.1978 nor the limitations of said statute; and (3) § 542.301 RSMo.1978 does not apply to a successful movant in suppression motions unless their property is retained by court order.

A brief recitation of the pertinent facts is necessary. An automobile suspected of containing stolen parts was seized from Pogue's residence on October 23, 1981. After the engine and transmission were removed to be held as evidence, the car was returned to Pogue. Pogue was subsequently arrested and charged with the felonies of "Altering/Defacing a Motor Vehicle I.D. Number" and "Receiving Stolen Property Over $150.00." The same day, eighty-five items, suspected of being stolen property, were seized by the St. Louis County Police Department from a garage rented by Hughes. Subsequently, Hughes was charged with "Receiving Stolen Property."

In earlier criminal proceedings, Hughes' motion to suppress and to inspect the seized items was sustained. On the same day, prior to the hearing on Pogue's motion to suppress items seized, the Prosecuting Attorney entered an order "Nolle Prosequi" as to the charges against Pogue.

Appellants made numerous requests in 1982 and 1983 to respondent for the return of the seized property but were refused the right to possession. On August 15, 1983, Hughes and Pogue filed civil suits seeking, among other relief, the return of the seized property through replevin. Thereafter, each appellant filed an "Affidavit and Motion for a Temporary Order in Replevin," which motions were consolidated by the court. The respondent subsequently filed pleadings in opposition. The trial court designated the order denying the motions as final and appealable.

■ Initially, we question our jurisdiction. The right of appeal is purely statutory and compliance with the statutory procedure is essential. *Todd v. St. Ann's School Music Service, Inc.,* 585 S.W.2d 522 (Mo.App.1979). Section 512.020 RSMo.1978 permits appeals from certain orders, not pertinent to the instant case, and "from any final judgment in the case." A judgment is final for the purpose of appeal when it disposes of all parties and all issues in the case. *Deeds v. Foster,* 235 S.W.2d 262 (Mo.1951). The statute does not permit appeals to be taken in "piece-meal." *Engel Sheet Metal Equipment v. Shewman,* 301 S.W.2d 856 (Mo.App.1957).

■ The jurisdiction of this court is not invoked by the trial court's designation of its order as final and appealable, it must be so in fact. *Redeker v. Bradbury,* 680 S.W.2d 403 (Mo.App.1984). The denial of the motions for a temporary order in replevin did not reach and dispose of the substantive issue of the actions, i.e., the permanent possession of the seized property.

■ We have consistently held that a denial of a prayer for temporary injunction is not a final judgment, and hence not appealable. *Frimel v. Humphrey,* 555 S.W.2d 350, 351[3] (Mo.App.1977). Here, the denial of the temporary orders in replevin, being of similar nature and effect, is not a final judgment. This appeal must therefore be dismissed.

STEPHAN and SATZ, JJ., concur.