Ralph W. KALISH, et al.,
Plaintiffs/Respondents,

v.

Walter SMITH, et al.,
Defendants/Appellants.

No. 58828.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 10, 1991.

Motions for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Application to Transfer Denied
March 24, 1992.

Jerry B. Wamser, St. Louis, for defendants/appellants.

Don Sommers, Prudence W. Kramer, St. Louis, for plaintiffs/respondents.

GRIMM, Presiding Judge.

In this jury tried case, client Walter Smith appeals from a $29,345.20 judgment in favor of attorney Ralph Kalish for attorney's representation of client in trade name infringement litigation. We affirm.

Client raises two points on appeal. First, he alleges trial court error in submitting instruction number 6, an action on account verdict director based on MAI 26.03. He contends the trial court should have given his tendered instruction, based on MAI 26.-03, breach of contract.

In his second point, client alleges the trial court erred in prohibiting him from cross examining attorney about his familiarity with Missouri's Code of Professional Responsibility.

## I. Background

Client is the sole owner of Cornucopia, a St. Louis area business incorporated in 1983, which retails housewares, coffee, and tea. In 1984, client noticed an area in Crestwood Plaza that was under construction called Cornucopia. In October of 1984, client contacted attorney, an expert in trademark and patent law, to discuss the situation. Client had never been involved in commercial litigation before, and this was the first time he had dealt with attorney.

After their initial meeting on October 8, attorney agreed to represent client in a trade name infringement suit against Crestwood Plaza. Attorney and client did not enter into a letter of engagement, nor did attorney disclose his hourly rate or give client an estimate of the total cost. However, when attorney suggested seeking a temporary restraining order, which he said would cost no less than $2,500, client paid a $1,000 retainer.

The temporary restraining order was sought, but denied. In November, attorney sent client a bill for $3,945.65, less the $1,000 retainer for his October work. Client promptly paid this bill.

Attorney took depositions and did other preparatory work for trial. In December, the case was tried; it required parts of four days. On December 14, attorney wrote client, asking for a partial payment of $5,000 to $7,000. Client wrote back on January 7 that he was overwhelmed at the request and at the fact that attorney could not tell him the total cost.

On February 8, attorney sent client his final bill for $29,145.11. The bill was based on 153 hours of his time at $105 an hour, plus 187 hours of another attorney at $65 an hour. These hourly rates were less than attorney normally charged. Client refused to pay.

The trial court ruled against client in the trade name infringement suit. Attorney was upset with the decision and appealed it free of charge. The appeal was unsuccessful.

## II. Jury Instruction

■ In his first point, client alleges the trial court erred in submitting Instruction 6, based on MAI 26.03 [1969 New]. MAI 26.03 is the pattern verdict director for an action on account. The trial court did err; the appropriate instruction would have been based on MAI 26.05 [1980 Revision], submitting quantum meruit. *See Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 (Mo. banc 1979). A quantum meruit instruction was appropriate because no express contract existed between attorney and client.

■ Although an erroneous instruction was given, we must consider whether that issue is properly preserved on appeal. Rule 70.03 requires a party to make "[s]pecific objections to instructions." The specific objections must be made either at the instruction conference or in the motion for new trial.

Client's specific objection both at the instruction conference and in his motion for new trial was only that his tendered contract instruction, based on MAI 26.06, [1981 Revision], should have been given instead of attorney's action on account instruction. Client's tendered instruction, however, was also an erroneous instruction. Although a defendant is under no duty to submit a correct verdict director for a plaintiff, a defendant is required to define the error in the verdict director submitted by a proper specific objection. Since client made only one specific claim of error in the form of a proffered erroneous instruction, he failed to preserve for appeal any other error in submitting attorney's verdict director. *See Wright v. Martin*, 674 S.W.2d 238, 241–42 (Mo.App.S.D.1984). Point denied.

## III. Cross Examination

In his second point, client contends the trial court erred in sustaining attorney's objection to client's cross examination of attorney concerning Missouri's Code of Professional Responsibility. Client desired to cross-examine attorney about his familiarity with ethical consideration 2–19,[1] which was part of that Code. That Code was repealed, and our supreme court adopted new Rules of Professional Conduct, effective January 1, 1986. The ethical consideration is not in the new Rules.

Before ruling on the objection, the trial judge read all of Rule 4. He noted the Code had been repealed and replaced by the Rules. He read into the record a portion of Rule 4, Scope:[2]

> Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

The trial court then sustained attorney's objection because it "inserts a false issue to the jury in that it ... seek[s] to use what is a self-governing disciplinary rule to buttress ... the underlying basis of [client's] case." The trial court, however, allowed client to question attorney as to whether there was ever a fee arrangement to show there was no "meeting of the minds, lack of consideration, whatever."

---

1. "As soon as feasible after a lawyer has been employed, it is desirable that he reach a clear agreement with his client as to the basis of the fee charges to be made...." Rule 4 (repealed, effective January 1, 1986).

2. The Scope follows the Preamble to Rule 4.

 "Evidence must have a logical relevancy and probative value; admission of questionable evidence is within the discretion of the trial court." *Moreland v. State Farm Fire and Casualty Co.*, 662 S.W.2d 556, 565 (Mo.App.S.D.1983). The trial court's determination whether proffered evidence is relevant will be upheld unless there is a showing the discretion was abused. *Id.* No such showing has been made. Point denied.

The trial court's judgment is affirmed.

SATZ and CRANDALL, JJ., concur.